IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 10-cv-00772-MSK-MJW

ROEL ESPEJO CAMAYO, and
JUVENCIO SAMANIEGO DAMIAN

               Plaintiffs,

v.

JOHN PEROULIS & SONS SHEEP, INC.,
a foreign corporation of Colorado,
LOUIS PEROULIS,
STANLEY PEROULIS and,
CRISOLOGO DAMIAN,

               Defendants.

---

### UNITED STATES' UNOPPOSED MOTION TO INTERVENE
### AND TO STAY CIVIL PROCEEDINGS

---

The United States of America, by and through its undersigned attorneys, moves to intervene in the above civil action pursuant to Fed. R. Civ. P. 24(b)(2), and to stay discovery proceedings pending resolution of the active criminal investigation of defendants and any resulting criminal prosecution. The United States submits that this stay is authorized and required by the civil provisions of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(b), and is an appropriate exercise of the Court's discretion in the interests of justice.

-1-

**Factual Background**

The government has initiated a criminal investigation into the circumstances surrounding the defendants' recruitment and employment of the plaintiffs, Roel Espejo Camayo and Juvencio Samaniego Damian, to determine whether those transactions give rise to any possible violations of federal human trafficking laws or other federal criminal statutes. *Exh. A-1*. On June 28, 2010, the Department of Labor filed a complaint to enjoin the defendants from violating labor regulations regarding the H-2A program. The above captioned plaintiffs filed their First Amended Complaint on the same day, seeking damages under the TVPRA, the Colorado Wage Claim Act ("CWCA"), and common law claims under Colorado law for assault, battery, outrageous conduct, negligent infliction of emotional distress, false imprisonment, breach of contract, fraud and unjust enrichment. A Scheduling Order was entered on July 14, 2010 [Docket # 27]. On September 30, 2010, the discovery deadline was extended to January 31, 2011 [Docket # 37].

The civil and criminal cases in this matter are factually intertwined. The same events giving rise to potential criminal charges are the basis of the civil Amended Complaint [Docket # 20]. This civil case and the criminal investigation cover the same time period, cast of characters, and actions. The defendants in the civil case are also targets in the criminal investigation. The plaintiffs in the civil case are potential victims and witnesses in the criminal case. *Exh. A-1*.

**Argument**

**A. Permissive Intervention**

Rule 24(b)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, that upon timely application "anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In

exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2).

The Tenth Circuit follows "a somewhat liberal line in allowing intervention." Utah Assoc. of Counties v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001). "Courts will allow the government to intervene for the purpose of obtaining a stay of civil proceedings to protect the government's interest in a parallel criminal proceeding." Id. (citing Securities & Exchange Comm'n v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988)) (upholding district court's grant of permissive intervention and stay of civil proceedings pending the outcome of a criminal matter); see also, Securities & Exchange Comm'n v. Credit Bancorp, 297 F.3d 127, 130 (2d Cir. 2002) (same); Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992) ("As a rule, district courts in [the Second Circuit] have allowed the government to intervene in civil actions – especially when the government wishes to do so for the limited purpose of moving to stay discovery."). This Court relied on similar reasoning in finding "the United States Attorney has an interest relating to the transactions which form the bases for the parallel civil and criminal proceedings, and is uniquely situated such that unfettered discovery in the civil actions could, as a practical matter, impair or impede the government's ability to protect its interest in the criminal arena." Securities & Exchange Comm'n v. Nacchio, 2005 WL 1799372 at *3 (D.Colo. July 28, 2005) (citing several cases in which courts have permitted the government to intervene where parallel civil and criminal proceedings overlap substantially).

Here, the United States' criminal inquiry has multiple questions of fact and law in common with the above-captioned civil action. Plaintiffs' first claim for relief, which was brought pursuant to section 1595, involve facts and events relevant to potential federal human trafficking crimes; both the civil and the criminal inquiry seek to determine whether defendants

violated plaintiffs' civil rights by coercing them, through their labor, using any and all of the prohibited means set forth in 18 U.S.C. § 1589 and referenced by sections 1590 and 1592. The civil claims alleged in plaintiffs' second through eleventh causes of actions relate to facts that pertain to the criminal investigation of the human trafficking crimes because these alleged violations of Colorado labor law, alleged breaches of contract, and the alleged tort actions (including false imprisonment, outrageous conduct, assault, battery, negligent infliction of emotional distress and fraud) are relevant to the possible means and motives for the alleged criminal acts. As a result, all of the civil causes of action pertain to the same facts and law as the criminal inquiry and any resulting prosecution.

"Because the government has a limited purpose for intervention – moving to stay civil discovery pending disposition of the criminal case – this intervention will not unduly delay or prejudice the adjudication." LaBianca, 801 F. Supp. at 1009. Thus, intervention pursuant to Fed. R. Civ. P. 24(b) is appropriate in this matter.

**B.  Stay of Civil Proceedings**

The government asserts two bases for this Court to grant the government's motion to stay civil discovery proceedings: (1) the mandatory language of 18 U.S.C. § 1595(b), which mandates the stay of civil discovery for those civil actions that relate to the same facts and law as criminal human trafficking matters under investigation; and (2) the Court's discretionary power to order such a stay when "the interests of justice" militate in favor of such action.

(1) **Stay Mandated by 18 U.S.C. § 1595(b)**

A significant portion of plaintiffs' complaint relates to 18 U.S.C § 1595, which sets forth the provisions for civil liability for defendants in criminal human trafficking cases. It provides in relevant part:

> (a) An individual who is a victim of a violation [of human trafficking laws] may bring a civil action against the perpetrator . . . in an appropriate district court of the United States ....
>
> (b)(1) Any civil action file under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.
>
> (2) In this subsection, a "criminal action" includes investigation and prosecution and is pending until final adjudication in the trial court.

18 U.S.C. § 1595(a)-(b). By its plain language, section 1595(b)(1) mandates a stay of civil discovery proceedings pending resolution of any criminal action. In the instant matter, the government's criminal investigation and the instant civil action arise out of the same set of facts, events, and occurrences, namely, the recruitment employment of the civil plaintiffs by the civil defendants. Section 1595(b) therefore mandates that the civil action must be stayed pending the resolution of the criminal matter. See Israel Antonion-Morales v. Bimbo's Best Produce, Inc., 2009 WL 1591172, *1 (E.D.La. Apr 20, 2009) (recognizing "the statutory language makes clear that a stay of their claims under section 1595 is mandatory" and holding that equitable tolling of FLSA claims is appropriate where civil proceedings are stayed under § 1595); Ara v. Khan, 2007 WL 1726456, *1 (E.D.N.Y. Jun 14, 2007) (staying all civil proceedings in a case where plaintiff brought claims under 18 U.S.C. § 1595 and holding that "[t]he relief the government seeks is mandatory if a criminal investigation is pending."). Although some of the plaintiffs' civil claims are brought under non-trafficking civil remedies, all claims should be stayed because <u>all</u> of the claims arise from occurrences that are directly relevant to the criminal human trafficking offenses. Continued discovery for the non-trafficking claims would result in disclosure of the same material § 1595(b) seeks to protect. See Israel, 2009 WL 1591172 at *1 (staying all civil proceedings where other claims are closely related to the § 1595 claim); Ara, 2007 WL 1726456 at *2 (same).

-5-

Because § 1595(b) requires that civil proceedings be stayed during the pendency of parallel criminal matters, the Court should stay the civil action in this case.

(2) **Stay of Civil Discovery Based Upon the Interest of Justice**

The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009). "Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). "Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Fed. R. Crim. P. 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." Sidari v. Orleans County, 180 F.R.D. 226, 228 (W.D.N.Y. 1997) (quoting Securities & Exchange Comm'n v. Dresser, 628 F.2d 1368, 1375 (D.C. Cir. 1980)); see also, Kreisler, 563 F.3d at 1080 ("A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.") (citing Dresser, 628 F.2d at 1375-76).

Courts typically consider a number of factors when determining whether or not to stay civil proceedings pending the outcome of a criminal case, including: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the

public interest." Securities & Exchange Comm'n v. Trujillo, 2010 WL 2232388 at *2 (D.Colo. June 01, 2010); see also, Campbell v. Eastland, 307 F.2d 478, 486 (5th Cir. 1962); Sidari, 180 F.R.D. at 228; Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134 (S.D.N.Y. 1995). "Another factor often cited by courts in this Circuit is the interests of persons not party to the civil litigation." Sidari, 180 F.R.D. at 228 n.4; see also LaBianca, 801 F. Supp. at 1010 ("In making this determination, the court should balance: (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest."); Arden Way Assoc. v. Boesky, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) (same).  Under either the five- or six-factor test, each of the factors here weighs strongly in favor of granting a stay.

The first factor examines the extent to which the issues in the parallel civil and criminal cases overlap. "The extent of overlap is the 'most important factor in ruling on a motion to stay.'" Securities and Exchange Comm'n v. Gordon, 2009 WL 2252119 at *4 (N.D. Okla. July 28, 2009) (quoting Securities & Exchange Comm'n v. Nicholas, 569 F.Supp.2d 1065, 1070 (C.D.Cal. 2008).  As discussed above, the issues in the criminal investigation overlap extensively with those in the civil case. Many of the same witnesses much of the same evidence are central to both actions, posing an elevated risk of civil discovery being used as an end run around criminal discovery limitations. In Chestman, the Second Circuit upheld a stay of discovery in precisely this situation, where the "same underlying facts" were at issue in both the criminal and civil cases.  861 F.2d at 50; see also Brock v. Tolkow, 109 F.R.D. 116, 119

-7-

(E.D.N.Y. 1985) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter.").

Second, a criminal investigation is sufficient grounds to defer the civil proceeding. "Although the lack of any indictments to date weakens the case, the government's request to . . . a stay of discover is 'presumptively reasonable, nothing else appearing." In re Royal Ahold N.V. Securities & Erisa Litigation, 220 F.R.D. 246, 253 (D.Md. 2004). This Court has held "'the ultimate question ... is whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings." Severino v. Klytie's Developments, Inc., 2008 WL 1782637 at *3 (D.Colo. April 17, 2008) (quoting Cruz v. County of Dupage, 1997 WL 370194, *1 (N.D. Ill. June 27, 1997)). Thus the "'severe burden' defendants would face in fighting both proceedings simultaneously outweighed the potential prejudice to the private plaintiffs arising from a stay." Id. (Granting motion for stay of civil action given that the "facts and issues intrinsic in both [the civil and criminal] cases . . . are virtually identical." Id.

Third, the plaintiffs in the civil case have represented that they favor of a stay of the civil action.

Fourth, as noted above, the private interests of the defendants also weigh in favor of a stay, to avoid a potential Fifth Amendment issue arising in the civil proceedings.

There is also no prejudice to the defendants as a result of a stay of discovery. The stay would be temporary, not permanent. See First Merchants Enterprise, Inc. v. Shannon, 1989 WL 25214 (S.D.N.Y.) ("The government seeks only a stay, not an absolute bar. [The defendant] will

-8-

not be unduly prejudiced by such a stay."). In denying defendant's petition for a writ of mandamus, the Chestman Court noted that "Defendant has failed to show any prejudice to him . . . . arising out of the government's intervention. The only result of the intervention has been the staying of discovery, an order the district court could have entered sua sponte. Moreover, so far as preparation for the trial in the civil action is concerned, appropriate opportunities for discovery can be allowed when the stay is lifted." 861 F.2d at 50.

Fifth, the interest of this Court is served by entering an order for a stay of civil discovery. Evidence gathered in the criminal investigation can later be used in the civil action. Therefore, "[t]he stay in this action may streamline later civil discovery since transcripts from the criminal case will be available to the civil parties." La Bianca, 801 F. Supp. at 1011. Furthermore, the conviction of any of the defendants in the criminal case would "contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation." In re Worldcom, 2002 WL 31729501 at *7. See also Trustees of the Plumbers and Pipefitters Nat'l Pension Fund, 886 F. Supp. at 1140 (finding judicial efficiency supported a stay because "resolution of the criminal case may increase the possibility of settlement of the civil case due to the high standard of proof required in a criminal prosecution.")

Sixth, the public interest in seeing wrongdoers brought to justice militates in favor of a stay pending a criminal investigation. "Because of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here." Trustees of the Plumbers and Pipefitters Nat'l Pension Fund, 886 F. Supp. at 1140. See Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962) (holding that "trial judge should give substantial weight" to law enforcement interests when weighed "against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.").

Finally, the interests of the United States, not currently a party to the civil litigation, support a stay of the civil discovery. The United States seeks to advance its law enforcement interest in the integrity of the criminal investigation by preventing circumvention of criminal discovery rules and disclosures that could prejudice the criminal investigation and potential prosecution.

Thus, the relevant case law supports imposition of a discretionary stay in the interests of justice, providing separate and independent authority for staying the civil action, in addition to the statutory provision authorizing a mandatory stay of the civil action pursuant to 18 U.S.C. Section 1595.

## Local Rule 7.1A Certification

Pursuant to Local Rule 7.1A, the undersigned certifies that Plaintiffs' and the represented defendants' attorneys were contacted regarding this motion and they indicated that they have no objection to it. *Pro se* defendant Crisologo Damian was also contacted regarding this motion and he indicated that he had no objection.

## Conclusion

For the foregoing reasons, the United States respectfully requests that this Court permit it to intervene in this action and that this Court stay the civil proceedings, including any discovery, pending the completion of the trial in the criminal case, pursuant to 18 U.S.C. Section 1595, and as an exercise of the Court's discretion in the interests of justice.

-11-

        Respectfully Submitted,

        JOHN F. WALSH
        United States Attorney

        s/William G. Pharo
        *William G. Pharo*
        Assistant United States Attorney
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone: 303-454-0100
        FAX: 303-454-0404
        E-mail: william.pharo@usdoj.gov

-12-

## CERTIFICATE OF SERVICE

  I hereby certify that on this 8th day of October, 2010, I electronically filed the foregoing **UNITED STATES' MOTION TO INTERVENE AND TO STAY CIVIL PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

 jcrodriguez@colegalserv.org

 jlee@colegalserv.org

 co2linda@aol.com

 lwj@omhdlaw.com

 phd@omhdlaw.com

and mailed it, postage pre-paid to:

 Crisologo Damian
 2356 N 2000 W
 Farr West, UT 84404

                s/Johnnie Smith, Jr.
                Office of the United States Attorney