IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.  10-cv-00772-MSK-MJW**
     **(As consolidated with 11-cv-01132-REB-MJW)**

ROEL ESPEJO CAMAYO; and,
JUVENCIO SAMANIEGO DAMIAN,
JHOSEMAR SAMANIEGO FERNANDEZ, and
SILVIO INGA BRUNO,

Plaintiffs,

v.

JOHN PEROULIS & SONS SHEEP, INC.;
LOUIS PEROULIS;
STANLEY PEROULIS; and
CRISOLOGO DAMIAN,

Defendants.

---

**ORDER REGARDING:**

**(1) PEROULIS DEFENDANTS' MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 82)**

**AND**

**(2) PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R.
CIV. P. 26(C) (DOCKET NO. 84)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Peroulis Defendants' Motion for Protective Order (docket no. 82) and Plaintiffs' Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 84).  The court has reviewed the subject motions (docket nos. 82 and 84), the responses (docket no. 92 and 100-102), and the reply (docket no. 99).  In addition, the court has taken judicial notice of the court file and has considered

applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motions (docket nos. 82 and 84);

4. That the scope of civil discovery includes information "relevant to the claim or defense of any party" and is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 26(c) authorizes a district court to grant a protective order to preclude discovery of a matter to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. Gillard v. Boulder Valley Sch. Dist. Re-2, 196 F.R.D. 382, 385 (D. Colo. 2000). The party seeking a protective order has the burden to show good cause. The good cause determination "requires the court to balance the party's need for the information against the injury which might result from unrestricted disclosure." Exum v. United States Olympic Comm., 209 F.R.D. 201, 206 (D. Colo. 2002);

5. That Plaintiffs have brought claims against the Peroulis Defendants

3

for human trafficking and forced labor under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, *et seq.*, violations of the Colorado Wage Claim Act, § 8-4-101, *et seq.* C.R.S, failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, assault, battery, outrageous conduct, negligent infliction of emotional distress, false imprisonment, and breach of contract;

6. That as to Plaintiffs' Interrogatory No. 6/14, I find that the information that is being requested is not privileged. I further find, based upon Plaintiffs' Response (docket no. 92), that Plaintiffs are not seeking financial information within the software but are only seeking information on how the software works and the ways that Defendants have used and continue to use such software. Thus, Defendants will be required to respond to this Interrogatory within the scope outlined above;

7. That as to Plaintiffs' Interrogatory No. 6/13, I find that Plaintiffs have brought a claim in this case pursuant to 18 U.S.C. § 1589(b), alleging that the Peroulis Defendants "knowingly benefitted, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services" in violation of TVPRA. I further find that evidence of any financial benefit that the Peroulis Defendants derived from the use of Plaintiffs' alleged forced labor is directly relevant to this claim. Thus,

4

Defendants will be required to respond to this interrogatory;

8. That as to Plaintiffs' Requests for Production Nos. 9/17 and 10/18 and Plaintiffs' Deposition topic No. 13, I find that Plaintiffs have brought a claim under the TVPRA and Plaintiffs seek punitive damages pursuant to 18 U.S.C. § 1595. I find that Plaintiffs may discover financial information of the Defendants without establishing a prima facie case on the issue of punitive damages. See James v. Heuberger Motors, Inc., 2011 WL 334473, at *1 (D. Colo. Jan. 28, 2011); Britton v. Car Toys, 2007 WL 1395290, at *2 (D. Colo. May 9, 2007); United States v. Matusoff Rental Co., 204 F.R.D. 396, 398-401 (S.D. Ohio 2001); Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.R.D. 149 (D. Kan. 1990). Thus, Defendants will be required to respond to these two Requests for Production and to Deposition topic No. 13;

9. That the Peroulis Defendants are seeking information through discovery about the Plaintiffs' immigration status, including information about whether Plaintiffs, as alleged victims of crime and/or human trafficking, have applied to obtain a T or U visa, or another similar immigration document. The discovery of such information is the subject of Plaintiffs' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 84);

10. As to Peroulis Defendants' Interrogatory No. 11, I find that such information requested in Defendants' Interrogatory No. 11 is relevant

5

as to (1) the multiple claims listed above in paragraph 5 brought by Plaintiffs in this lawsuit, (2) the Plaintiffs' alleged damages that Plaintiffs are seeking in this lawsuit and on the issue of mitigation of damages, (3) the affirmative defenses plead by the Peroulis Defendants, (4) the Peroulis Defendants' theory of the case, and (5) the Plaintiffs' credibility. Moreover, I find that any *in terrorem* effect is outweighed by the Peroulis Defendants' compelling need to obtain this relevant information. Further, I find that any *in terrorem* effect of disclosure of such information by Plaintiffs to the Peroulis Defendants can be addressed by this court with an Order restricting the use of such information. Such restriction on use of this information would address any "chilling effect" concerns that Plaintiffs have raised in the subject motion (docket no. 84). Lastly, I find that such information is discoverable under <u>Demaj v. Sakaj</u>, 2012 WL 476168, at *6 (D. Conn. Feb. 14, 2012); <u>David v. Signal Int'l, L.L.C.</u>, 2010 WL 4667972, at *7 (E.D. La. Nov. 5, 2010); and <u>Catalan v. Vermillion Ranch Limited Partnership</u>, 2007 WL 951781 (D. Colo. Mar. 28, 2007).

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

    1.    That Peroulis Defendants' Motion for Protective Order (docket no.

6

82) is **DENIED**;

2. That Peroulis Defendants shall provide responses to Plaintiffs' Interrogatory Nos. 5/13 and 6/14 consistent with this court's findings above on or before May 31, 2012;

3. That Peroulis Defendants shall provide responses to Plaintiffs' Requests for Production 9/17 and 10/18 on or before May 31, 2012;

4. That Peroulis Defendants shall provide deposition testimony on the Deposition topic No. 13;

5. That Plaintiffs' Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 84) is **DENIED**;

6. That Plaintiffs shall provide responses to the Peroulis Defendants' Interrogatory No. 11 on or before May 31, 2012;

7. That all information exchanged by the parties per this Order shall be used for the limited purpose of this case only and for no other purpose; and

8. That each party shall pay their own attorney fees and costs for this motion.

Done this 10th day of May 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE