IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.  10-cv-00772-MSK-MJW**
             **(As consolidated with 11-cv-01132-REB-MJW)**

ROEL ESPEJO CAMAYO; and,
JUVENCIO SAMANIEGO DAMIAN,
JHOSEMAR SAMANIEGO FERNANDEZ, and
SILVIO INGA BRUNO,

Plaintiffs,

v.

JOHN PEROULIS & SONS SHEEP, INC.;
LOUIS PEROULIS;
STANLEY PEROULIS; and
CRISOLOGO DAMIAN,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

    It is hereby **ORDERED** that Plaintiff's Motion for Clarification and/or Partial Reconsideration (docket no. 106) is **GRANTED** finding good cause shown. Interrogatory No. 11 does not include immigration applications, and Plaintiffs need not respond further to Interrogatory No. 11.

    It is  **FURTHER ORDERED** that Plaintiffs' Amended Motion for a Clarification and/or Partial Reconsideration (docket no. 121) is **GRANTED** finding good cause shown.  Interrogatory No. 11 does not include immigration applications.  There is no need for a response by Defendants to docket no. 121, noting that the relief sought is the same as docket no. 106 above.  Furthermore, D.C.COLO.LCivR 7.1 C states, *in pertinent part*, ". . . Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."

    It is **FURTHER ORDERED** that Peroulis Defendants' Motion to Compel Examination of Plaintiff Juvencio Samaniego Damian Pursuant to Fed. R. Civ. P. 35(a) (docket no. 105) is **GRANTED** finding good cause shown.  The parties are to forthwith meet, confer, and clear a date, time, and place for the Rule 35 examination with Dr. Stephen Moe of Plaintiff Juvencio Samaniego Damian.  It is anticipated that the

2

examination will last not more than 3.5 hours. The parties understand that given the need for an interpreter and possible breaks by Plaintiff Damian, additional time may be necessary, and will be permitted if reasonably necessary. The parties are to meet, confer, and agree upon an interpreter. The Peroulis Defendants will pay for the cost of the interpreter. The scope of the examination will be Plaintiff Damian's emotional and psychological conditions at issue in this case related to the area of psychiatry. The examination will consist of a psychiatric evaluation, which may include a verbal history and a brief written screening of cognitive assessment. No invasive tests will be conducted on Plaintiff Damian. The examination will take place at Dr. Moe's office located at 777 East 1st Street, Suite 106-C, Denver, Colorado 80230. The Peroulis Defendants shall pay for Plaintiff Damian's reasonable travel time and expense (including transportation costs and a meal stipend) and reimburse his lodging so the Rule 35(a) mental examination can take place at Dr. Moe's office in Denver, Colorado. Audio recording of the examination only will be permitted for the sole purpose of confirming the accuracy of the translation and my not be used for any other purpose except by further Order of Court. The interpreter may be present during the examination.

In Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964), the Supreme Court stated that Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." The burden of demonstrating good cause rests with the moving party. See Doe v. District of Columbia, 229 F.R.D. 24, 26 (D.D.C. 2005). The requirement of good cause is not a formality; the court must genuinely balance the need for the information with the right to privacy and safety of the party. See Schlagenahuf, 379 U.S. at 118. Rule 35 states that the examination may be conducted by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). Here, I find that Defendants have established good cause for a Rule 35(a) examination of Plaintiff Damian. Plaintiff Damian has placed his mental and physical condition "in controversy." I further find that Dr. Stephen Moe is a "suitably licensed or certified examiner" as required pursuant to Fed. R. Civ. P. 35(a)(1).

Date: July 5, 2012