IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL CASE NO. 10-cv-00772-MSK-MJW

ROEL ESPEJO CAMAYO,
JUVENCIO SAMANIEGO DAMIAN,
JHOSEMAR SAMANIEGO FERNANDEZ, and
SILVIO INGA BRUNO,

    Plaintiffs,

JOHN PEROULIS & SONS SHEEP, INC., a foreign corporation of Colorado,
LOUIS PEROULIS,
STANLEY PEROULIS and
CRISOLGO DAMIAN,

    Defendants.

---

## DEFENDANT CRISOLGO DAMIAN'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

---

Defendant Crisolgo Damian ("Defendant Damian"), by and through his counsel. Doddridge C. Shelby, Esq. answers Plaintiff's Third Amended Complaint ("Plaintiff's Complaint") as follows below.

    1. Defendant Damian admits the allegations of paragraph 1 of Plaintiff's Complaint only to the extent that John Peroulis & Sons Sheep, Inc. hired Plaintiffs and that Plaintiffs were from Peru, but is without sufficient information as to the remaining allegations and denies the same on that basis.

    2. Defendant Damian admits the allegations of paragraph 3 of Plaintiff's Complaint only to the extent that Plaintiffs seek relief under the laws cited; but denies any damages.

3. Defendant Damian admits the allegations of paragraphs 4, 19, 20, 23, 25, 27, 31, 34, of Plaintiff's Complaint.

4. Defendant Damian admits the allegations of paragraph 5 of Plaintiff's Complaint to the extent that venue is proper but is without sufficient information as to the remaining allegations and denies the same on that basis.

5. Defendant Damian admits the allegations of paragraphs 6 of Plaintiff's Complaint to the extent that Plaintiff was employed by John Peroulis &Sons Sheep, Inc. but is without sufficient information as to the remaining allegations and denies the same on that basis.

6. Defendant Damian admits the allegations of paragraph 7 of Plaintiff's Complaint to the extent that Plaintiff was employed by John Peroulis &Sons Sheep, Inc. but is without sufficient information as to the remaining allegations and denies the same on that basis.

7. Defendant Damian admits the allegations of paragraph 13 of Plaintiff's Complaint to the extent that Plaintiff was employed by John Peroulis &Sons Sheep, Inc. but is without sufficient information as to the remaining allegations and denies the same on that basis.

8. Defendant Damian admits the allegations of paragraph 15 of Plaintiff's Complaint to the extent that Plaintiff was employed by John Peroulis &Sons Sheep, Inc. but is without sufficient information as to the remaining allegations and denies the same on that basis.

9. Defendant Damian admits the allegations of paragraph 93 of Plaintiff's Complaint only to the extent that he spoke with Plaintiff Samiengo Damian.

10. Defendant Damian admits the allegations of paragraph 119 of Plaintiff's Complaint to

the extent that Sonia Damian and Alfredo Inga are his sister and brother in law but denies that he was a recruiting agent for Defendant John Peroulis & Sons.

11. Defendant Damian denies the allegations of paragraphs 28, 32, 33, 67, 94, 95, 96, 97, 98, 99, 100, 101, 120, 121, 122, 126, 162, 163, 164, 165, 214, 282, 283, 284, 285, 286, 287, 288, 290, 291 and 292 of Plaintiff's Complaint.

12. Defendant is without sufficient information or in knowledge to admit or deny the allegations of paragraphs 2, 8, 9, 10, 11, 12, 14, 16, 17, 18, 24, 26, 28, 30, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92 , 102, 103, 104, 105, 106, 107, 108, 109, 110 111, 112, 113, 114, 115, 116, 117, 118, 123, 124, 125, 127, 128, 129, 130, 132, 133, 135, 137, 138, 140, 141, 142, 143, 144, 145, 146, 147, 149, 153, 154, 155, 157, 158, 159, 160, 161, 166, 167, 168, 169, 170, 171, 172, 173, 174, 176, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 201, 203, 204, 205, 206, 207, 208, 209, 217, 218, 219, 220, 221, 222, 225, 226, 228, 229, 230, 231, 232, 234, 235, 236, 237, 238, 240, 241, 242, 243, 246, 247, 248, 250, 251, 252, 253, 254, 255, 256, 259, 260, 261, 262, 263, 264, 265, 267, 268, 270, 271, 272, 273, 274, 277, 278, 279, and 280 of Plaintiffs' Complaint and on that basis denies the same.

13. The allegations of paragraphs 131, 134, 136, 139, 148, 150, 151, 152, 156, 175, 177, 201, and 202 of Plaintiff's Complaint appear to be directed to defendants other than Defendant Damian and therefore do not require a response from him; but to the extent that these allegations are alleged or implicated against his interests Defendant Damian denies the same.

14. The allegations of paragraphs 21, 22, 35, 36, 37, 38, 39, 216, 224, 245, 258 and 276 of

Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

15. Defendant Damian incorporate his responses to the allegations that are incorporated into paragraphs 215, 223, 227, 233, 239, 244, 249, 257, 263, 269, 275 and 281 of Plaintiff's Complaint.

16. With regard to paragraphs 210 through 213 of the Plaintiff's Complaint Defendant Damian asserts that the public documents speak for themselves; but to the extent that these allegations are alleged or implicated against his interests Defendant Damian denies the same.

17. Defendant Damian denies all allegations in Plaintiff's Complaint that are not specifically admitted above.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' alleged damages are the result of actions of third parties over whom Defendant Damian had no authority or control.

3. Plaintiffs' claims are barred in whole or part by Plaintiff' actions and comparative negligence/fault pursuant to C.R.S. Section 13-21-111 et seq.

4. Plaintiffs' damages, if any, are barred or reduced by the pro rata fault of other parties and non-parties pursuant to C.R.S. Section 13-21-111.5

5. Plaintiffs' claims and damages, if any, are barred reduced by the failure to mitigate damages.

6. Plaintiffs' claims may be barred by the applicable statute of limitations.

7. Plaintiffs' claims may be barred by the doctrines of laches, waiver, estoppel, or unclean hands.

8. Plaintiff's claims for non-economic damages and loss are limited by C.R.S. Section

13-21-102.5.

9. Plaintiffs' claims for punitive damages are barred or limited pursuant to C.R.S. Section 13-21-102.

10. Defendant Damian may be entitled to an award of attorneys fees pursuant to C.R.S. Section 13-17-102.

11. Defendant Damian incorporates by reference all affirmative defenses asserted by any other Defendant in this case.

12. Defendant Damian respectfully requests leave of the Court to raise additional affirmative defenses as discovery and investigation reveal facts supporting the same.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant Crisolgo Damian prays that the Third Amended Complaint be dismissed with prejudice and that he be awarded costs of suit, attorneys' fees and any other relief as the Court finds just and proper.

Defendant Damian's Address:

2356 North 2000West
Farrwest, Utah 84403

Dated: August 3, 2012

Respectfully submitted,

LAW OFFICES OF DODDRIDGE C. SHELBY

<u>  s/Doddridge C. Shelby  </u>
Doddridge C. Shelby, Esq. #28214
6200 South Syracuse Way
Suite 125
Greenwood Village, CO 80111
Telephone: (303) 874-5152
Telefax:    (303) 265-9150
dcshelby@msn.com
Attorney for Defendant Crisolgo Damian

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2012, I electronically filed the foregoing DEFENDANT CRISOLGO DAMIAN'S ANSWER TO THIRD AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Jennifer J. Lee, Esq., jlee@colegalserv.org

Lauren E. Schmidt, Esq., lschmidt@bhfs.com

Peter Doherty, Esq., phd@omhdlaw.com

Lindsay W. Jay, Esq., lwj@omhdlaw.com

*s/Doddridge C. Shelby*
Doddridge C. Shelby, Esq. #28214