IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00772-MSK-MJW

ROEL ESPEJO CAMAYO,
JUVENCIO SAMANIEGO DAMIAN,
JHOSEMAR SAMANIEGO FERNANDEZ, and
SILVIO INGA BRUNO,

    Plaintiffs,

vs.

JOHN PEROULIS & SONS SHEEP, INC., a foreign corporation of Colorado,
LOUIS PEROULIS,
STANLEY PEROULIS, and
CRISOLOGO DAMIAN,

    Defendants.

---

**DEFENDANTS JOHN PEROULIS & SONS SHEEP, INC.'S, LOUIS PEROULIS', AND STANLEY PEROULIS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

Defendants **JOHN PEROULIS & SONS SHEEP, INC.**, **LOUIS PEROULIS**, and **STANLEY PEROULIS** ("Defendants") through their attorneys **OVERTURF MCGATH HULL & DOHERTY, P.C.**, answer Plaintiffs' Third Amended Complaint ("Complaint") and demand a jury as follows:

## ANSWER

1.    Defendants admit the allegations contained in paragraphs 19, 20, 23, 24, 25, 26, 27, 34, 43, 44, 46, 47, and 50 of Plaintiffs' Complaint.-

2. Defendants deny the allegations contained in paragraphs 2, 3, 28, 32, 49, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 71, 78, 79, 80, 82, 83, 84, 85, 86, 90, 91, 94, 103, 104, 105, 106, 107, 108, 109, 114, 210, 214, 217, 218, 220, 222, 228, 229, 230, 231, 232, 234, 235, 236, 237, 238, 241, 242, 243, 245, 246, 247, 248, 250, 251, 252, 253, 254, 255, 256, 259, 261, 262, 264, 265, 266, 267, 268, 270, 271, 272, 273, 274, 276, 277, 278, 279, and 280 of Plaintiffs' Complaint.

3. Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the allegations contained in paragraphs 8, 9, 10, 11, 12, 31, 45, 51, 66, 67, 68, 72, 73, 74, 75, 88, 89, 92, 93, 95, 96, 97, 98, 99, 100, and 101 of Plaintiffs' Complaint and, as a result, deny same.

4. With respect to the allegations contained in paragraph 1 of the Complaint, Defendants admit that John Peroulis & Sons Sheep, Inc. hired Plaintiffs to work as sheepherders and Plaintiffs arrived for such work from Peru, but are without sufficient information or knowledge to form a belief or opinion as to the remaining allegations set forth in paragraph 1, and therefore, deny same.

5. With respect to the allegations contained in paragraph 4 of the Complaint, these Defendants admit that this Court has personal jurisdiction over the Defendants; however, to the extent any facts are alleged or implicated against the interests of these Defendants, those facts are denied.

6. With respect to the allegations contained in paragraph 5 of the Complaint, these Defendants admit that Stanley and Louis Peroulis reside in Colorado and admit John

Peroulis & Sons Sheep, Inc. is a registered, foreign corporation authorized to conduct business in Colorado; however, to the extent any facts are alleged or implicated against the interests of these Defendants, those facts are denied.

7.  With respect to the allegations contained in paragraphs 6 and 7 of the Complaint, Defendants admit that John Peroulis & Sons Sheep, Inc. hired Plaintiffs to work as sheepherders, Plaintiffs arrived for such work from Peru, were employed at such work for the approximate dates listed, and, upon information and belief, proper documentation was obtained to secure Plaintiffs' employment, but these Defendants are without sufficient information or knowledge to form a belief or opinion as to the remaining allegations set forth in paragraphs 6 and 7, including the citizenship of Plaintiffs, and therefore, deny same.

8.  The allegations in paragraphs 13-18, 115-209, 219, 221, and 223-226 of the Complaint are the subject of a pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) such that a response is not required at this time, and Defendants expressly reserve their right to submit a response to these allegations in the event such motion to dismiss is denied in whole or in part.

9.  The allegations in paragraphs 21, 22, 35, 36, 37, 38, 39, 216, and 258 call for a legal conclusion to which a response is not required, however, to the extent a response is required, Defendants deny the same.

10. No allegation of material fact is set forth in paragraph 29 of Plaintiffs' Complaint, and therefore, no specific response is required from these Defendants; however, to the extent any facts are alleged or implicated against the interests of these Defendants, those facts are denied.

11. With respect to the allegations contained in paragraph 30 of the Complaint, Defendants admit that John Peroulis & Sons Sheep, Inc. maintains ranches generally described as the "Hayden" and "Baggs" ranches, but deny the remaining allegations set forth in paragraph 30.

12. With respect to the allegations contained in paragraph 33 of the Complaint, Defendants admit that Crisologo Damian was a former employee of John Peroulis & Sons Sheep, Inc., but deny the remaining allegations set forth in paragraph 33.

13. With respect to the allegations contained in paragraphs 40, 41, and 42 of the Complaint, Defendants admit John Peroulis & Sons Sheep, Inc. followed proper procedures to obtain H-2A visas for its employees in the specified years, including for Plaintiffs; however, paragraphs 40, 41, and 42 call for a legal conclusion to which a response is not required, but to the extent a response is required, Defendants deny the same; and, with respect to any remaining facts that are alleged or implicated against the interests of these Defendants, those facts are denied.

14. With respect to the allegations contained in paragraph 48 of the Complaint, these Defendants admit Stanley Peroulis picked up the Plaintiffs at the airport, but deny the remaining allegations set forth in paragraph 48.

15. With respect to the allegations contained in paragraph 57 of the Complaint, these Defendants admit sheepherding, by its very nature, requires long hours, but deny the remaining allegations set forth in paragraph 57.

16. With respect to the allegations contained in paragraphs 69 and 70 of the Complaint, Defendants admit that Ambrosio Damian is currently employed by John Peroulis & Sons Sheep, Inc. as a sheepherder, but deny the remaining allegations set forth in paragraphs 69 and 70.

17. With respect to the allegations contained in paragraph 76 of the Complaint, Defendants admit that the date is approximately correct as to when John Peroulis & Sons Sheep, Inc. processed necessary paperwork for Plaintiff Roel Espejo Camayo's employment, but deny the remaining allegations set forth in paragraph 76.

18. With respect to the allegations contained in paragraph 77 of the Complaint, Defendants admit that Plaintiff Roel Espejo Camayo withdrew $1,000 from his bank account in August of 2009, but deny the remaining allegations set forth in paragraph 77.

19. With respect to the allegations contained in paragraph 81 of the Complaint, Defendants admit that several of their employees' I-94/visa documentation, including Plaintiff Roel Espejo Camayo's, expired approximately October 16, 2009, through no fault

of Defendants, who enlisted the aid of their U.S. Representative's office to coordinate with the U.S. Department of Labor regarding the renewal issue, and such renewals were ultimately obtained; but Defendants deny the remaining allegations set forth in paragraph 81.

20. With respect to the allegations contained in paragraph 87 of the Complaint, Defendants admit that Plaintiff Roel Espejo Camayo abandoned his employment on approximately November 10, 2009, but deny the remaining allegations set forth in paragraph 87.

21. With respect to the allegations contained in paragraph 102 of the Complaint, Defendants admit that the date is approximately correct as to when John Peroulis & Sons Sheep, Inc. processed necessary paperwork for Plaintiff Juvencio Samaniego Damian's employment, but deny the remaining allegations set forth in paragraph 102.

22. With respect to the allegations contained in paragraphs 110 and 111 of the Complaint, Defendants admit that Plaintiff Juvencio Samaniego Damian abandoned his employment on approximately July 15, 2009, and because he had worked for less than a month, he had not yet received his first payroll statement, but deny the remaining allegations set forth in paragraphs 110 and 111.

23. With respect to the allegations contained in paragraph 112, 113, and 260 of the Complaint, the correspondence between John Peroulis & Sons Sheep, Inc. and Plaintiff Juvencio Samaniego Damian's counsel speak for themselves; and, paragraphs 112, 113, and

260 call for a legal conclusion to which a response is not required, but to the extent a response is required, these Defendants deny the same; and, with respect to any remaining facts that are alleged or implicated against the interests of these Defendants, those facts are denied.

24. With respect to the allegations contained in paragraphs 211, 212, 213, and 240 of the Complaint, these Defendants admit they were parties to the referenced case; however, any pleadings, orders, or other related, public documents speak for themselves; and, paragraphs 211, 212, 213, and 240 call for a legal conclusion to which a response is not required, but to the extent a response is required, these Defendants deny the same; and, with respect to any remaining facts that are alleged or implicated against the interests of these Defendants, those facts are denied.

25. Defendants incorporate their responses to allegations which are incorporated into paragraphs 215, 227, 233, 239, 244, 249, 257, 263, 269, 275, 281, and 289 of Plaintiffs' Complaint.

26. The allegations set forth in paragraphs 282-288 and 290-292 of the Complaint do not appear to be directed toward these Defendants, and therefore, do not require a response. To the extent that the allegations set forth in said paragraphs are directed against these Defendants, they are denied.

27. No allegation of material fact is set forth in paragraphs 293 and 294 of Plaintiff's Complaint, and therefore, no specific response is required from these

Defendants; however, to the extent any facts are alleged or implicated against the interests of these Defendants, those facts are denied.

28. Defendants deny all allegations in Plaintiffs' Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred or reduced by Plaintiffs' comparative fault pursuant to C.R.S. § 13-21-111 et seq., comparative negligence and/or assumption of the risk

3. Plaintiffs' claims and alleged damages are the result of the actions of third parties over whom these Defendants had neither control nor right of control.

4. Plaintiffs' claims are barred or reduced by the pro rata fault of other parties and non-parties pursuant to C.R.S. § 13-21-111.5.

5. Plaintiffs are not the real party in interest to some or all of their alleged damages.

6. Plaintiffs' claims are barred or reduced by Plaintiffs' failure to take reasonable steps to minimize or mitigate their alleged losses or damages.

7. Plaintiffs' claims are barred or reduced by Plaintiffs' failure to exhaust administrative remedies.

8. This court lacks jurisdiction over one or more of Plaintiffs' claims insofar as administrative remedies have not been fulfilled.

9. Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

10. Some or all of Plaintiffs' claims may be barred by the applicable statute of repose and/or statute of limitations.

11. Some or all of Plaintiffs' claims may be barred by their failure to join an indispensable party pursuant to Fed.R.Civ.P. 19.

12. Some or all of Plaintiffs' claims may be barred by the applicable statute of frauds and/or the illegality of any alleged agreement.

13. Some or all of Plaintiffs' claims may be barred or reduced because full and final payment has been made and accepted.

14. Plaintiffs' claims for non-economic loss are limited by the provisions of C.R.S. § 13-21-102.5.

15. Some or all of Plaintiffs' claims may be barred by Plaintiffs' consent to the alleged assault and battery and/or consent to the alleged false imprisonment.

16. Some or all of Plaintiffs' claims may be barred because the alleged assault and battery and/or alleged false imprisonment was a result of self-defense, defense of another person, defense of real property, defense of personal property, and/or Defendants' privilege to retake personal property.

17. Plaintiffs were aware and had knowledge of any and all circumstances existing at the time and place of the incident(s) alleged in the Complaint and, as a result of such awareness and knowledge, they assumed the risk thereof, pursuant to C.R.S. § 13-21-111.7.

18. Plaintiffs are not entitled to recover any amounts that they have been paid by collateral sources pursuant to C.R.S. § 13-21-111.6, and these Defendants are entitled to a setoff for any amount so paid.

19. Plaintiffs' damages, if any, are barred or reduced as a result of Plaintiffs' pre-existing condition and/or subsequent injuries.

20. Plaintiffs' claims may be barred or reduced by operation of compromise, release, accord and satisfaction, and/or waiver.

21. Plaintiff's claims are barred by Plaintiff's negligence, which was in violation of applicable statutes or ordinances.

22. Plaintiffs' injuries and damages, if any, are the result of an intervening and/or superseding cause.

23. Any alleged negligence on the part of these Defendants was not the proximate cause of Plaintiffs' alleged damages, injuries and losses.

24. Plaintiffs' claims for punitive damages are barred or limited by the provisions of C.R.S. § 13-21-102.

25. All or a portion of Plaintiffs' claims are barred by failure or lack of consideration.

26. Plaintiffs' claims may be limited or barred by Plaintiffs' failure to complete a condition precedent to Defendants' obligation(s).

27. Plaintiffs' lack privity of contract to pursue all or a portion of Plaintiffs' claims.

28. Plaintiffs' claims may be barred or limited by impossibility of performance and/or because Plaintiffs prevented or substantially interfered with Defendants' performance of claimed contractual obligation(s).

29. Plaintiffs' claims may be barred or limited because Plaintiffs induced the breach of any alleged contract and/or any alleged contract was cancelled by mutual consent.

30. Plaintiffs failed to plead with particularity fraud and the circumstances constituting fraud.

31. Plaintiffs' claims may be barred or limited by application of the economic loss rule.

32. At all times, Defendants had policies and procedures in place in compliance with all state and federal regulations and statutes.

33. Plaintiffs' claims may be barred or reduced to the extent Plaintiffs failed to abide by the appropriate rules and regulations of the Defendants.

34. To the extent Plaintiffs have stated a state law claim related to any employee benefit or welfare plan, such claim may be preempted under ERISA, 29 U.S.C. § 1144.

35. Plaintiffs' claims may be barred by exclusivity of remedies set forth in ERISA, Workers' Compensation Act, or other statues.

36. Plaintiffs' claims may be barred by the First Amendment.

37. Plaintiffs' claims may be barred or reduced because Defendants were exercising their legal rights.

38. Plaintiffs' claims may be barred or limited by the doctrine of set-off, including but not limited to set-off as a result of settlement with former parties to this litigation or third parties.

39. Some or all of Plaintiffs' claims and/or damages may be barred or reduced by the good faith actions of the Defendants.

40. Defendants may be entitled to an award of their attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988 and/or C.R.S. § 13-17-102.

41. Defendants incorporate by reference the affirmative defenses asserted by any other Defendant in this case.

42. Defendants respectfully request leave of Court to assert additional affirmative defenses as discovery and investigation reveals facts that would support them.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants John Peroulis & Sons Sheep, Inc., Louis Peroulis, and Stanley Peroulis, having answered Plaintiffs' Third Amended Complaint, pray that the same be dismissed with prejudice, and that Defendants be awarded their costs of suit, attorneys' fees, and such other relief as the Court deems just and proper.

**DEFENDANTS HEREBY DEMAND A TRIAL TO A JURY ON ALL ISSUES HEREIN JOINED.**

Defendant's Address:
John Peroulis & Sons Sheep, Inc.
1600 East U.S. Hwy. 40, Ste. A
Craig, CO 81626

Louis Peroulis
65483 Hwy. 13
Craig, CO 81626

Stanley Peroulis
208 County Rd. #117
Craig, CO 81625

Respectfully submitted August 3, 2012,

s/*Lindsey W. Jay*
Peter H. Doherty
Lindsey W. Jay
OVERTURF MCGATH HULL & DOHERTY, P.C.
625 East 16th Avenue
Denver, Colorado 80203
Phone: (303) 860-2848

Attorneys for Defendants –
John Peroulis & Sons Sheep, Inc., Louis
Peroulis, and Stanley Peroulis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 3, 2012, I electronically filed the foregoing **DEFENDANTS JOHN PEROULIS & SONS SHEEP, INC.'S, LOUIS PEROULIS', AND STANLEY PEROULIS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jennifer J. Lee, Esq.
jlee@colegalserv.org

Jenifer C. Rodriguez, Esq.
jcrodriguez@colegalserv.org

Linda Surbaugh, Esq.
co2linda@aol.com

Doddridge C. Shelby, Esq.
dcshelby@msn.com

Lauren Schmidt, Esq.
lschmidt@bhfs.com

John McDermott, Esq.
jmcdermott@bhfs.com

Lawrence W. Treece, Esq.
ltreece@bhfs.com

S/ *Karen Rawlings*
Karen Rawlings

14