IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 10-cv-00772-MSK-MJW**
         **(As consolidated with 11-cv-01132-REB-MJW)**

ROEL ESPEJO CAMAYO; and,
JUVENCIO SAMANIEGO DAMIAN,
JHOSEMAR SAMANIEGO FERNANDEZ, and
SILVIO INGA BRUNO,

Plaintiffs,

v.

JOHN PEROULIS & SONS SHEEP, INC.;
LOUIS PEROULIS;
STANLEY PEROULIS; and
CRISOLOGO DAMIAN,

Defendants.

---

**ORDER REGARDING:**

**PEROULIS DEFENDANTS' MOTION TO COMPEL**
**(DOCKET NO. 140)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Peroulis Defendants' Motion to Compel (docket no. 140). The court has reviewed the subject motion (docket no. 140) and the response (docket no. 148). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 140);

4. That the scope of civil discovery includes information "relevant to any party's claim or defense" and is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A request for discovery is considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party. Bonanno v. Quizno's Franchise Co., 255 F.R.D. 550, 552 (D. Colo. 2009);

5. That Plaintiffs have brought claims against the Peroulis Defendants for human trafficking and forced labor under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, *et seq.*, violations of the Colorado Wage Claim Act, § 8-4-101, *et seq.* C.R.S, failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, assault, battery, outrageous conduct, negligent infliction of emotional distress, false imprisonment, and breach of contract;

6. That the Peroulis Defendants' **Interrogatory No. 24** states:

3

"Describe in detail your efforts to obtain a T - or U-visa, and include in your detailed description the following information: (a) all written and oral communications with any person, entity, or government agency, related in any way to your efforts to obtain a T- or U-visa and the T-visa you did obtain; (b) when you first learned about the possibility of obtaining T - or U-visas and from whom; (c) your efforts to secure visas for any family members, and whether such visas have been issued and to whom; and (d) all statements, written or oral, made by you or others on your behalf as part of the application process."

7. That the Peroulis Defendants' **Request for Production of Documents No. 12** states:

"Please produce all documents related in any way to your efforts to obtain a T - or U-visa, including, but not limited to your application(s) for T - or U-visas; any statements made by your or others that accompanied your application(s); correspondence between you (or on your behalf) and anyone else, including any government agency, regarding your applications(s) or claims made in your application(s); the original Spanish or other translated documents utilized as part of your application(s); and any pamphlet, brochure or

4

        similar document provided to you related in any way to your rights to seek a T - U-visa."

8. That the Peroulis Defendants have previously sought information through discovery about the Plaintiffs' immigration status, including information about whether Plaintiffs, as alleged victims of crime and/or human trafficking, have applied to obtain a T- or U-visa, or another similar immigration document. The discovery of such information was the subject of Plaintiffs' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 84). See written Order by Magistrate Judge Watanabe regarding (1) Peroulis Defendants' Motion for Protective Order (docket no. 82) and Plaintiffs' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 84) [docket no. 103]; and

9. As to the Peroulis Defendants' Interrogatory No. 24 and Request for Production of Documents No. 12, listed above in paragraphs 6 and 7, I find that such information requested in the Peroulis Defendants' Interrogatory No. 24 and Request for Production of Documents No. 12 is relevant as to (1) the multiple claims listed above in paragraph 5 brought by Plaintiffs in this lawsuit, (2) the Plaintiffs' alleged damages that Plaintiffs are seeking in this lawsuit [e.g., emotional and mental distress] and on the issue of mitigation of damages, (3) the affirmative defenses plead by the Peroulis Defendants, in particular, the equitable unclean hands defense, (4) the Peroulis

5

Defendants' theory of the case, and (5) the issue of motivation and fabrication of each of the Plaintiffs' testimony and any alternative motive for Plaintiffs leaving the Peroulis Defendants' employment. Furthermore, I find that any *in terrorem* effect is outweighed by the Peroulis Defendants' compelling need to obtain this relevant information. Further, I find that any *in terrorem* effect of disclosure of such information by Plaintiffs to the Peroulis Defendants can be addressed by this court with an Order restricting the use of such information. Such restriction on use of this information would address any "chilling effect" concerns that Plaintiffs have raised in the Plaintiffs' response (docket no. 148). Lastly, I find that such information is discoverable under Fragoso v. Builders FirstSource Southeast Group, LLC, 2011 WL 767442, at *2 (D.S.C. Feb. 25, 2011); Catalan v. Vermillion Ranch Ltd. Partnership, No. 06-cv-01043-WYD-MJW, 2007 WL 951781 (D. Colo. Mar. 28, 2007); Luna v. Del Monte Fresh Produce (Southeast), Inc., 2007 WL 1500269, at *5-6 (N.D. Ga. May 18, 2007).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Peroulis Defendants' Motion to Compel (docket no. 140) is **GRANTED**;

6

2. That Plaintiffs shall provide responses to the Peroulis Defendants' Interrogatory No. 24 and Request for Production of Documents No. 12, listed above in paragraph Nos. 6 and 7, on or before December 18, 2012.  If Plaintiffs believe that any portion of their responses to either the Peroulis Defendants' Interrogatory No. 24 or Request for Production of Documents No. 12 are privileged, then Plaintiffs shall provide a privilege log of such portions of their responses to the Peroulis Defendants;

3. That all information provided by Plaintiffs to Defendants per this Order shall be used for the limited purpose of this case only and for no other purpose; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 27th day of November 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE