# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 10-cv-00772-MSK-MJW

ROEL ESPEJO CAMAYO,
JUVENCIO SAMANIEGO DAMIAN,
JHOSEMAR SAMANIEGO FERNANDEZ, and
SILVIO INGA BRUNO

      Plaintiffs,

v.

JOHN PEROULIS & SONS SHEEP, INC., a foreign corporation of Colorado,
LOUIS PEROULIS,
STANLEY PEROULIS, and
CRISOLOGO DAMIAN,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER ( Docket no 156-1 )

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.      As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. *See* Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any nonpublic documents or information in connection with the above-captioned case.

4.      The Parties agree that, in conjunction with the discovery proceedings in this litigation, the Parties may designate any document, thing, material, testimony, or other information derived therefrom (hereinafter collectively referred to as "information") as "CONFIDENTIAL" under the terms of this Stipulated Protective Order. Confidential information shall not be published to third parties except as permitted by, and in accordance with, the provisions of this Order. Confidential information is information which has not been made public and which contains trade secrets, proprietary and/or sensitive business information, or sensitive personal information that would cause a party annoyance, embarrassment, or oppression.

5.      Information may be designated CONFIDENTIAL by marking or stamping each document as "CONFIDENTIAL," or, during the course of an oral deposition, stating on the record that the testimony, question, or exhibit, or other information, contains CONFIDENTIAL information. Marking or stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as CONFIDENTIAL, unless otherwise

indicated by the Producing Party.  In the event that CONFIDENTIAL information is provided or

used as an exhibit during a deposition, arrangements shall be made with the court reporter taking

and transcribing such deposition to separately bind the portions of the transcript, including

deposition exhibits thereto, containing information designated as CONFIDENTIAL, and to label

such portions appropriately.

6.     CONFIDENTIAL documents, materials, and/or information (collectively

"CONFIDENTIAL information") shall not, without the consent of the party producing it or

further Order of the Court, be disclosed or made available in any way to any person other than:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively

working on the case whose assistance is required by those attorneys in the preparation for trial, at

trial, or at other proceedings in this case;

(c)     the parties, including designated representatives for Defendants;

(d)     expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other

proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily

incident to the conduct of this action;

(g)     witnesses in the course of deposition or trial testimony where counsel has

a reasonable and good faith belief that examination with respect to the document is necessary in

legitimate discovery or trial purposes in this case, and any person who is being prepared to

3

testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

       (h)    other persons by written agreement of all the parties.

7.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by the party's attorney who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL in accordance with this Protective Order.

8.    A Producing Party may, in good faith, designate certain limited types of information as "ATTORNEYS' EYES ONLY." This designation shall be reserved for discovery material or testimony responsive to the interrogatory and request for production to each Plaintiff that are the subject of the Court's Order dated November 27, 2012 [Doc. #151], which has not been made public and which contains sensitive personal information. Information may be designated ATTORNEYS' EYES ONLY by marking or stamping each document as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," or, during the course of an oral deposition, stating on the record that the testimony, question, or exhibit, or other information, contains ATTORNEYS' EYES ONLY information. Marking or stamping the legend ATTORNEYS' EYES ONLY on the cover of any multi-page document shall designate all pages of the document as ATTORNEYS' EYES ONLY , unless otherwise indicated by the Producing Party. In the event that ATTORNEYS' EYES ONLY information is provided or used as an

4

exhibit during a deposition, arrangements shall be made with the court reporter taking and
transcribing such deposition to separately bind the portions of the transcript, including deposition
exhibits thereto, containing information designated as ATTORNEYS' EYES ONLY, and to label
such portions appropriately.

9.     ATTORNEYS' EYES ONLY information shall be maintained in strict confidence
for use by Outside Counsel, in-house counsel for the Parties who are assisting in the litigation,
and any other person permitted by this Protective Order to receive disclosure of ATTORNEYS'
EYES ONLY information and shall be used solely for the purposes of the above-captioned
matter, and not for any other pending or threatened litigation, or any other business or other
purpose whatsoever. ATTORNEYS' EYES ONLY information shall not be disclosed to any
person except those listed in Paragraph 6, subparagraphs (a), (b), (d), (e), and (f), and to in-house
counsel for the parties who are assisting in the litigation, including in-house counsels' paralegals
and clerical and secretarial staff. ATTORNEYS' EYES ONLY information may only be
disclosed to persons listed in Paragraph 6, subparagraphs (c) and (g) to the extent necessary to
prepare those persons for depositions or court proceedings.

10.     Prior to disclosing any ATTORNEYS' EYES ONLY information to any person
who is an outside expert or consultant, including third party witnesses, to become an authorized
expert or consultant entitled to access to ATTORNEYS' EYES ONLY information, the expert or
individual must be provided with a copy of this Protective Order and must sign a written
acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this
Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be

5

retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

11.     A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion within thirty (30) days after the conclusion of that 10-business day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

12.     A copy of this Protective Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY information will be disclosed.

13.    In the event it is necessary for the parties to file CONFIDENTIAL or ATTORNEYS' EYES ONLY information with the Court, the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed in accordance with the requirements of D.C.COLO.L.CivR 7.2, with an accompanying Motion to Restrict Access and a designation of the level of restriction sought.

14.    CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be offered into evidence at trial or at any court hearing in open court only after a minimum of 48 hours' notice to the Producing Party identifying with specificity the CONFIDENTIAL or ATTORNEYS' EYES ONLY information to be used.  The Producing Party may apply for an order that evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure.

15.    If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information that has been produced to it under the terms of this Protective Order, such Party will reasonably notify the other parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL information or ATTORNEYS' EYES ONLY information and shall cooperate with the Party that originally produced the information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the information shall not be required

to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

16.     At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents.  Where the parties agree to return CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL or ATTORNEYS' EYES ONLY documents have been returned.  Where the parties agree to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all CONFIDENTIAL or ATTORNEYS' EYES ONLY documents.  This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in this case.

17.     The terms of this Protective Order shall survive the termination of this action, including any settlement, and all protections of this Protective Order shall remain in full effect in perpetuity.

18.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 21st day of December, 2012.

s/ *Lauren E. Schmidt*
John V. McDermott
Lawrence W. Treece
Lauren E. Schmidt
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Telephone:  303.233.1100
FAX:  303.223.1111
Email:
jmcdermott@bhfs.com
ltreece@bhfs.com
lschmidt@bhfs.com

Jennifer J. Lee
Jenifer Rodriguez
Linda Surbaugh
Colorado Legal Services
Migrant Farm Worker Division
1905 Sherman Street, Suite 400
Denver, CO  80203
Telephone: (303) 866-9366
FAX: (303) 830-7860
Email:jlee@colegalserv.org
jrodriguez@colegalserv.org
co2linda@aol.com

*Attorneys for Plaintiffs*

s/ *Lindsey W. Jay*
Peter H. Doherty
Lindsey W. Jay
OVERTURF MCGATH HULL & DOHERTY, P.C.
625 East 16th Avenue
Denver, C) 80203
Phone: (303) 860-2848
Email: phd@omhdlaw.com
lwj@omhdlaw.com

*Attorneys for Defendants –*
*John Peroulis & Sons Sheep, Inc., Louis*
*Peroulis, and Stanley Peroulis*

s/ *Doddridge C. Shelby*
Doddridge C. Shelby
6200 South Syracuse Way, Suite 125
Greenwood Village, CO 80111
Phone: (303) 874-5152
FAX: (303) 265-9150
Email: dcshelby@msn.com

*Attorney for Defendant Crisologo Damian*

DONE AND ORDERED this 3ʳᵈ day of ___January___, 201 3.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**EXHIBIT A**

**AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE
STIPULATED PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge I have carefully and completely read the

Stipulated Protective Order (the "Order") in *Roel Espejo Camayo et al. v. John Peroulis & Sons*

*Sheep, Inc., et al.*, Civil Action 10-cv-00772-MSK-MJW, United States District Court for the

District of Colorado.  In consideration of being permitted to review confidential information, as

described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the

District of Colorado for the purpose of enforcement of the Order.

_____       _____
Signature                                    Date

_____
Full Printed Name, Title

_____
Address

_____

_____
Telephone

11