**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 10-cv-00772-MSK-MJW**
**consolidated with Civil Action No. 11-cv-01132-MSK-MJW**

**ROEL ESPEJO CAMAYO;**
**JUVENCIO SAMANIEGO DAMIAN,**
**JHOSEMAR SAMANIEGO FERNANDEZ, and**
**SILVIO INGA BRUNO,**

        **Plaintiffs,**

**v.**

**JOHN PEROULIS & SONS SHEEP, INC., a foreign corporation of Colorado;**
**LOUIS PEROULIS;**
**STANLEY PEROULIS; and**
**CRISOLOGO DAMIAN,**

        **Defendants.**

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on the Defendants John Peroulis & Sons Sheep, Inc.'s, Louis Peroulis's, and Stanley Peroulis's Motion for Reconsideration **(#139)** of the Court's September 24, 2012 Order **(#138)**, denying the Peroulis Defendants' Partial Motion to Dismiss **(#133)**. Plaintiff Silvio Inga Bruno filed a Response **(#142)** to the motion for reconsideration, and the Peroulis Defendants replied **(#146)**.

Extensive recitation of the underlying facts alleged by the Plaintiffs or the procedural history of this action is not necessary as the background is fully explicated in the Court's September 24, 2012 Order **(#138)**.

The Defendants seek reconsideration of the Court's September 24, 2012 Order because the Order does not address their argument that Mr. Bruno's claims must be dismissed because

1

they are time barred. Because of the convoluted procedural history of this case, the Defendants admit that their statute of limitations argument was not properly highlighted in their briefing on the motion to dismiss. However, it does appear that the argument was raised in prior briefing. Thus, in the interest of clarity, the Court grants the motion for reconsideration for purposes of explicitly addressing the Defendants' argument.

The Defendants argue that Mr. Bruno's claims under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1589 *et seq.*, are time barred. Their argument is gives rise to a question of law — what statute of limitation applies to Mr. Bruno's claims?

A brief historical note is helpful. Until 2008, the TVPRA (more specifically, 18 U.S.C. § 1595, which provides for a private right of action under the act) did not specify any limitation period for actions brought pursuant to it. In 2008, however, Congress amended the statute to add a ten-year statute of limitation to initiate such actions. The Defendants contend that for claims accruing prior to the 2008 Amendment, the four-year "catch-all" statute of limitation, found at 28 U.S.C. § 1658(a), applies. They argue that the 2008 amendment, including the ten-year statute of limitation, cannot be applied retroactively to extend the time for bringing a claim.

The parties agree that Mr. Bruno's claims accrued no later than September 17, 2007. It is also undisputed that Mr. Bruno first asserted his claims on December 22, 2011, when he filed his complaint in case number 11-cv-01132. Applying the four-year statute of limitation, the Defendants argue that Mr. Bruno's claims expired on September 17, 2011 and, thus the claims are time barred.

Having considered the Defendants' argument, the Court concludes that no further relief is necessary. Although retroactive application of a statute is generally disfavored, the Supreme Court has emphasized that "[a] statute does not apply 'retrospectively' merely because it is

applied in a case arising from conduct antedating the statute's enactment or upsets expectations based on prior law." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 (1994).  Rather, the pertinent inquiry is whether enactment of a new provision "attached new legal consequences to events completed before its enactment." *Id.*  When a statute imposes new burdens on a party, a presumption arises that such statute should not apply retroactively.  Changes in procedure, however, usually do not impose a new burden on the parties.  "[R]ules of procedure regulate secondary conduct rather than primary conduct." *Id.*  Thus, institution of a new procedural rule, after the conduct giving rise to the suit, does not make application of the rule retroactive.  *Id.*

Here, the 2008 Amendment to the TVPRA included adding a ten-year statute of limitations.  A statute of limitations does not relate to the conduct of a defendant, but instead relates to the plaintiff's conduct in filing the claim.  *See Vernon v. Cassadaga Valley Cent. School Dist.*, 49 F.3d 886, 890 (2d Cir. 1995).  Although the events underlying Mr. Bruno's claims antedate the 2008 Amendment, the subsequent addition of a ten-year statute of limitation did not affect the conduct underlying the claim, change the Defendants' rights or impose any substantive burden on them.  The effect of the statutory change is primarily procedural.  The amendment merely extended the time in which a plaintiff may assert claims for violations of already-existing rights.  Applying the ten-year statute of limitation to Mr. Bruno's claims, the Court finds that the claims are timely.

4

Accordingly, the Defendants' Motion for Reconsideration **(#139)** is **GRANTED**, insofar as the Court has reconsidered its September 24, 2012 Order, but upon reconsideration , the Court finds that no further relief is necessary.

Dated this 30th day of July, 2013.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge